# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### July 2000 Session

## STATE OF TENNESSEE v. MICHAEL W. SMITH

**Appeal from the Circuit Court for Hardeman County**
**No. 6139      Jon Kerry Blackwood, Judge**

---

### No. W1999-02413-CCA-R3-PC - Filed October 11, 2000

---

The Defendant, Michael W. Smith, appeals as of right from the trial court's denial of post-conviction relief. On appeal, he asserts that his conviction for escape, which was entered pursuant to his guilty plea, should be set aside because the plea was entered involuntarily due to his trial counsel's ineffectiveness. We conclude that the trial court properly denied relief based on its findings that the Defendant received effective assistance of counsel and that he entered the plea knowingly and voluntarily. Accordingly, we affirm the denial of post-conviction relief.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which ALAN E. GLENN, J., and CORNELIA A. CLARK, SP.J., joined.

Stephen L. Hale, Bolivar, Tennessee, for the appellant, Michael W. Smith.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; Elizabeth Rice, District Attorney General, and Walt Freeland, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The issue we are called upon to address in this appeal is whether the trial court erred by denying the Defendant post-conviction relief based on its findings that the Defendant entered his guilty plea freely and voluntarily with the effective assistance of counsel. The procedural history behind this appeal is not, however, so easily stated.

On May 8, 1998, the Defendant pleaded guilty to one count of escape. According to the presentation of facts as stated at the guilty plea hearing, the Defendant was a prisoner housed at the prison in Hardeman County when he left the prison on July 26, 1997. He was found several hours later about a mile or two from the prison.

At the time the Defendant escaped, he was serving Shelby County sentences for rape and aggravated burglary. Sentencing for the escape conviction was initially delayed at the Defendant's request due to the pendency of a post-conviction petition filed regarding the Shelby County convictions. The Defendant had filed a petition seeking post-conviction relief from the Shelby County convictions asserting that his guilty pleas should be set aside because he believed when he entered the pleas that he would be eligible for parole after serving thirty percent of his sentences for two counts of rape. He alleged that he discovered at the prison reception center that he would be required to serve one hundred percent of those sentences. He wanted to delay sentencing for the escape conviction because if his post-conviction petition was successful, he would be sentenced as a Range I offender rather than as a Range II offender.

When the time for sentencing on the escape charge arrived, the Defendant's post-conviction petition had not yet been resolved,[1] and defense counsel did not request another continuance. On September 25, 1998, the Defendant was sentenced as a Range II offender to forty months imprisonment, consecutive to the sentences he was then serving for rape and aggravated burglary. He subsequently filed a pro se motion to withdraw his guilty plea pursuant to Tennessee Rule of Criminal Procedure 32(f), alleging that he had involuntarily entered the plea. The trial court appointed counsel and held an evidentiary hearing on February 26, 1999. In an order filed March 3, 1999, the trial court found that the Defendant's plea was "freely and voluntarily entered," that the Defendant failed to establish grounds of "manifest injustice" which would justify granting his motion to withdraw the guilty plea, that the Defendant's petition "is more properly styled and should be classified as a Post-Conviction Relief Petition," and that the Defendant was not denied the effective assistance of counsel. Accordingly, it dismissed the petition.

Instead of filing a notice of appeal from the trial court's order of dismissal, the Defendant filed a pro se petition for post-conviction relief on April 1, 1999, which the trial court summarily dismissed on May 4, 1999. In its order, the trial court noted that the Defendant's post-conviction petition raised the same issues regarding the Defendant's guilty plea that had been previously determined by the court. It then stated that the petition should be dismissed pursuant to Tennessee Code Annotated section 40-30-202(c), which provides, "If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." The Defendant then filed a pro se notice of appeal from that dismissal on May 12, 1999. Thereafter, the record was prepared and submitted to this Court. The Defendant filed a pro se brief, asking us to address on the merits his allegations of ineffective assistance and the involuntariness of the plea. However, an appeal from the trial court's summary dismissal of the Defendant's second petition for post-conviction relief would not allow us to address the Defendant's issues on the merits. It would merely present us with the issue of whether the trial court erred in summarily dismissing the petition.

---

[1]The Defendant was ultimately unsuccessful on his post-conviction petition in the trial court. The matter is currently pending on appeal before this Court.

By order filed on April 12, 2000, this Court noted that proper procedure in this case called for appointed counsel to timely file a notice of appeal from the trial court's initial denial of the Defendant's "Motion to Withdraw Guilty Plea," which did not occur. We then stated,

> Nevertheless, given the trial court's finding that petitioner's "Motion to Withdraw Guilty Plea" and "Petition for Post-Conviction Relief" contained the same factual allegations, we conclude it is "in the interest of justice" to waive the filing of the notice of appeal in this matter pursuant to T.R.A.P. 4. Therefore, this appeal of the trial court's denial of post-conviction relief is now properly before us and the record sufficient to afford full review of petitioner's claims.

We ordered the Defendant's appointed counsel to file a brief with this Court, which counsel did. Thus, we will now consider the Defendant's claims on the merits.

We first acknowledge that the Defendant's original "Motion to Withdraw Guilty Plea" was properly treated as a petition for post-conviction relief. Tennessee Rule of Criminal Procedure 32(f) provides as follows:

> A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

The Defendant filed his motion on October 23, 1998, which was after sentencing but before the judgment became final. However, a hearing on the motion was not held until February 26, 1999. As a general rule, the judgment of a trial court becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996); Tenn. R. App. P. 4(a), (c). After a judgment becomes final, the trial court generally is without jurisdiction to amend it. State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). A judgment beyond the jurisdiction of the court is void. Pendergrass, 937 S.W.2d at 837. In State v. Kawaski Devel Taylor, No. W1998-006560-CCA-R3-CD, 2000 WL 279893 (Tenn. Crim. App., Jackson, Mar. 10, 2000), this Court held that the filing of a motion to withdraw a plea of guilty does not suspend the time within which a judgment of conviction based on a guilty plea becomes final. Id. at *2. Thus, when the trial court held the evidentiary hearing on the Defendant's motion on February 26, 1999, it was without jurisdiction to alter or amend its judgment because the judgment had become final. Accordingly, allowing the Defendant to withdraw his guilty plea was not an option properly before the trial court.

However, the trial court could properly treat the Defendant's motion as a petition for post-conviction relief. In Archer v. State, 851 S.W.2d 157 (Tenn. 1993), our supreme court stated, "If the petition is, in fact, a request for relief that may be granted only pursuant to the post-conviction statutes, a court may properly treat that petition as a petition for post-conviction relief." Id. at 164.

Because the Defendant's motion was not heard until well after the judgment of conviction was final, relief from his conviction was only available through the post-conviction statutes.

Relief under our Post-Conviction Procedure Act will be granted when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by either the Tennessee Constitution or the United States Constitution. Tenn. Code Ann. § 40-30-203. In Gideon v. Wainwright, 372 U.S. 335 (1963), the United States Supreme Court held that the Sixth Amendment right to counsel was "'so fundamental and essential to a fair trial . . . that it is made obligatory upon the States by the Fourteenth Amendment.'" Id. at 340 (quoting Betts v. Brady, 316 U.S. 455, 465 (1942)). This right to counsel includes the right to effective counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). Also, the Supreme Court has said that, in order to pass constitutional muster, a guilty plea must be voluntarily, understandingly, and intelligently entered. See Brady v. United States, 397 U.S. 742, 747 n.4 (1970); Boykin v. Alabama, 395 U.S. 238, 243-44 (1969). In North Carolina v. Alford, 400 U.S. 25 (1970), the Supreme Court stated, "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Id. at 31. Thus, the Defendant would be entitled to post-conviction relief if he was denied the effective assistance of counsel at trial or if his plea was involuntary.

On appeal, the Defendant essentially argues that his guilty plea was involuntary because of the ineffective assistance of his counsel. He asserts that "his attorney gave him no option but to plead guilty." To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a defendant bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant, resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The prejudice requirement is modified so that the defendant "must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn.

1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper 849 S.W.2d at 746.

If afforded a post-conviction evidentiary hearing by the trial court, a defendant must do more than merely present evidence tending to show incompetent representation and prejudice; he or she must prove his or her factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). When an evidentiary hearing is held, findings of fact made by that court are conclusive and binding on this Court unless the evidence preponderates against them. Tidwell v. State, 922 S.W.2d 497, 500 (Tenn. 1996); Cooper, 849 S.W.2d at 746 (citing Butler, 789 S.W.2d at 899).

At the evidentiary hearing, the Defendant testified that he gave his trial counsel, Ricky Griggs, the names and addresses of two witnesses whom he wanted Mr. Griggs to call on his behalf in this matter. One witness was from Memphis and the other witness was from the state of Washington. The Defendant stated that Mr. Griggs told him that he did not contact these witnesses and did not plan to contact them because "he didn't feel there was any need to." The Defendant did not say what the substance of the witnesses' testimony would have been. The Defendant also testified that Mr. Griggs informed him "that he had no desire to try a case . . . that he felt that he had no chance, that he can't win it."

The Defendant admitted that he pleaded guilty to the offense and that he told the trial court when he did that he knew what he was doing, but he said that he felt he had no option but to enter the plea. He said that after initial conversations, he did not hear from his counsel again until shortly before the scheduled trial date and that there was "no way to prepare a defense in a week or two weeks." He said that his counsel told him the judge would not grant another continuance. He testified, however, that he wanted to take his case to trial in spite of the advice of his attorney that it was in his best interest to enter a plea.

In addition, the Defendant complained that Mr. Griggs did not show him the indictment and that Mr. Griggs did not give him enough advance notice of the sentencing hearing. He stated that he wanted to have witnesses testify at the sentencing hearing and write letters on his behalf. He said that these witnesses would have been able to testify about his character and "other mitigating factors."[2] Because his counsel did not talk to him until a day and a half before sentencing, he did not have the opportunity to have his witnesses attend.

On cross-examination, the Defendant testified that he had enough college credits to be classified a junior in college. He said that he told the trial judge at the plea hearing that he understood what he was doing when he entered the plea. He admitted that he did not tell the trial

_____

[2]In order for a petitioner to establish that he has suffered prejudice by his attorney's failure to call a witness, the petitioner must have this witness testify at the post-conviction hearing. Black v. State, 794 S.W.2d 752, 757-58 (Tenn. Crim. App. 1990). "It is elementary that neither a trial judge nor an appellate court can speculate or guess on the question of whether further investigation would have revealed a witness or what that witness' testimony might have been if introduced by defense counsel." Id. at 757.

judge at his plea hearing that he was unable to present witnesses and proof because his trial counsel would not contact any witnesses. He also admitted that he was an inmate at the correctional facility in Hardeman County when he left that facility without permission and was found eighteen hours later. When asked about what proof these witnesses would have been able to offer or what type of defense he had to the charge of escape, the Defendant invoked his Fifth Amendment privilege against self-incrimination.

The Defendant's trial counsel, Ricky Griggs, testified that he met with the Defendant on three occasions. He visited the Defendant on March 27, 1998, which was about a month after he had received the names and addresses of the two witnesses the Defendant wanted called. At that time, the two discussed the witnesses, and Mr. Griggs told the Defendant that in his opinion, the witnesses were not relevant to the escape charge because they had no knowledge about that event. Mr. Griggs said that the Defendant indicated to him that the witnesses had information regarding the underlying offenses from Shelby County for which the Defendant was incarcerated in Hardeman County. Mr. Griggs further testified that the Defendant agreed not to call the witnesses.

Mr. Griggs testified that the escape charge against the Defendant presented a simple factual situation. He said that the Defendant was supposed to be in the jail facility, and he was not there. He said he informed the Defendant that even if his underlying convictions were illegal, that was not a defense to escape. Mr. Griggs told the Defendant that it was in his best interest to enter a guilty plea, but that the decision was the Defendant's. He testified, "I, at all times, advised him and told him it was his decision with regard to what he wanted to do. And when he decided to enter the plea in May, it still was his decision at that time. I never exerted any force or anything of that nature to convince him to enter the plea."

Mr. Griggs testified that he asked the trial court to defer sentencing because of the pendency of the Defendant's post-conviction petition and that the prosecutor and the trial court agreed to delay sentencing. However, when the sentencing date arrived and the matter had not been resolved, Mr. Griggs did not request a further continuance. He said, "[I]n my opinion, the court would not grant those continuances, because it had been on the court's docket for almost a year at that time."

The transcript of the plea hearing, which was made an exhibit, revealed that the Defendant told the trial court at that time that he knew what he was doing and that he was voluntarily entering the guilty plea. He also testified that he was satisfied with the representation of his attorney. After hearing this testimony, the trial court specifically found that Mr. Griggs did not force the Defendant to plead guilty to the offense and that the alleged witnesses on behalf of the Defendant would not have established a defense to escape. It then ruled that the Defendant received effective assistance of counsel and that he voluntarily entered the guilty plea.

We conclude that the evidence does not preponderate against these findings. Mr. Griggs informed the Defendant that he should plead guilty, but he did not force the Defendant to plead guilty. There was no evidence that the Defendant had a feasible defense to the charge of escape. We cannot find that Mr. Griggs was performing below the range of competence of attorneys by

informing the Defendant that he should plead guilty to the offense under these facts.  Moreover, the Defendant was informed of his rights at the plea hearing, and he indicated that he was pleading guilty of his own free will.  Although the Defendant may have believed that sentencing would be delayed until after the resolution of his post-conviction petition on the Shelby County charges, he did not complain of that at the evidentiary hearing.  His only complaint regarding sentencing was that his attorney did not give him enough notice for him to have witnesses there to testify on his behalf.  This complaint does not show that the Defendant was forced to plead guilty to the offense.  Accordingly, the Defendant has not proven by clear and convincing evidence that he would not have pleaded guilty but for counsel's alleged errors.

The judgment of the trial court denying post-conviction relief is affirmed.

_____
DAVID H. WELLES, JUDGE